# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **In re:** <br><br> **JEFFREY J. PROSSER,** <br><br> DEBTOR. | CIVIL NO. _____/08 <br><br> Case No. 06-30009 (JKF) <br> Chapter 7 |
| **In re:** <br><br> **INNOVATIVE COMMUNICATION CORPORATION,** <br><br> DEBTOR. | Case No. 07-30012 (JKF) <br> Chapter 11 |
| **STAN SPRINGEL, ET AL.** <br><br> PLAINTIFFS, <br><br> V. <br><br> **JEFFREY J. PROSSER, ET AL.** <br><br> DEFENDANTS. | Adv. Proc. No. 07-03010 <br> Related to Docket No. 71 |
| **STAN SPRINGEL, CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATES OF INNOVATIVE COMMUNICATION CORPORATION, EMERGING COMMUNICATIONS, INC., AND INNOVATIVE COMMUNICATION COMPANY, LLC,** <br><br> PLAINTIFF, <br><br> V. <br><br> **DAWN PROSSER,** <br><br> DEFENDANT. | Adv. Proc. No. 08-03003 <br> Related to Docket No. 1 |

| | |
|---|---|
| **STAN SPRINGEL, CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATES OF INNOVATIVE COMMUNICATION CORPORATION, EMERGING COMMUNICATIONS, INC., AND INNOVATIVE COMMUNICATION COMPANY, LLC,**<br><br>  PLAINTIFF,<br><br>V.<br><br>**LYNDON ADRIAN PROSSER, MICHELLE LABENNETT PROSSER, SYBIL G. PROSSER, AND JOHN JUSTIN PROSSER,**<br><br>  DEFENDANTS. | Adv. Proc. No. 08-03004<br>Related to Docket No. 1 |
| **JAMES P. CARROLL, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JEFFREY J. PROSSER,**<br><br>  PLAINTIFF,<br><br>V.<br><br>**DAWN PROSSER,**<br><br>  DEFENDANT. | Adv. Proc. No. 08-03006<br>Related to Docket No. 1<br><br>RESPONSE DATE 11/13/08 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW REFERENCE OF CONSOLIDATED ADVERSARIES

**COMES NOW, DAWN PROSSER,** by and through the **LAW OFFICES OF KARIN A. BENTZ, P.C.** and hereby provides the following memorandum of law in support of her Motion to Withdraw the Reference of the above captioned consolidated matters.

  I.  **BACKGROUND AND PREDICATES FOR RELIEF**

On February 10, 2006 Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, Ltd. [Greenlight] filed an Involuntary Petition for Relief against

Jeffery Prosser, which commenced a bankruptcy case in Delaware. On July 31, 2006, Jeffrey Prosser filed a Voluntary Petition for Relief under chapter 11 in the Virgin Islands. The Delaware case was subsequently transferred to the Virgin Islands and the entire matter was converted to a chapter 7 case. On July 31, 2006, the ICC Debtors filed petitions for relief in the bankruptcy court.

Starting in October of 2007 the Trustees began initiating the above captioned adversarial proceedings. Dawn Prosser is a named defendant in three of the adversarial proceedings, the turnover proceeding 07-03010, and two fraudulent transfer actions 08-3003 and 08-3006. A brief background for these actions follows:

The turnover complaint, as amended, seeks the turnover of various and mostly unspecified items of property that the Trustees claim are owned by either the ICC Estate or the Jeffrey J. Prosser Estate. [**EXHIBIT A**.] Dawn Prosser moved to dismiss the complaint. Despite having turned over the items belonging to the respective Estates, the Trustees have continued to pursue this action in an attempt to retrieve property to which Dawn Prosser claims a sole ownership interest. As it stands there are three parties asserting an ownership interest in Dawn's separately owned property, Dawn Prosser, Trustee Springel on behalf of the ICC Estate, and Trustee Carroll on behalf of the Estate of Jeffrey J. Prosser. Accordingly, before the court can issue any order compelling the turnover of any of the disputed property the court must determine who owns what. It is this threshold determination of the ownership interests of Dawn Prosser in the various pieces of personal property that gives rise to Dawn Prosser's right to a jury trial. On March 17, 2008, after the bankruptcy court denied her motion to dismiss the complaint, Dawn Prosser timely filed her Answer demanding a jury trial and objecting to the bankruptcy

court's entry of any final orders or judgments and objecting to the bankruptcy court entertaining any jury trial. [**EXHIBIT B**.]

On February 8, 2008, Trustee Stan Springel, the Trustee for the ICC Bankruptcy Estates, filed an adversarial tort action against Dawn Prosser seeking to recover alleged pre-petition fraudulent transfers and alleged unauthorized post-petition transfers. The Complaint is extremely vague, giving only examples of that which it seeks to recover. Among other relief, the Complaint seeks money damages. On March 12, 2008, Dawn Prosser timely answered Trustee Springel's Original Complaint. In her Answer, Dawn Prosser demanded a trial by jury. Dawn also objected to the Trustee's legal assertions that the matter was a core proceeding and that the Bankruptcy Division has subject matter jurisdiction. Finally, Dawn noticed her non-consent to the bankruptcy court holding a jury trial or entering any final orders. The Complaint and Dawn's Answer are attached hereto as **EXHIBITS C & D** respectively.

On February 19, 2008, the Chapter 7 Trustee for the Jeffrey Prosser Estate, James Carroll, filed a tort action through his Complaint against Dawn Prosser to Recover Pre-Petition Fraudulent Transfers and Unauthorized Post-Petition Transfers. The Complaint as the title implies, initiated a second fraudulent conveyance adversarial action against Dawn Prosser for pre-petition and post-petition transfers. This Complaint is also extremely vague, giving only examples of that which it seeks to recover. Among other relief, the Complaint seeks money damages. On March 24, 2008, Dawn Prosser timely answered Trustee Carroll's Complaint and again demanded a trial by jury. Dawn also objected to the Trustee's legal assertions that the matter was a core proceeding and objected to the jurisdiction of the Bankruptcy Division. Finally, Dawn noticed her non-consent to the bankruptcy court holding a jury trial or entering

any final orders or judgments. The Complaint and Dawn's Answer are attached hereto as **EXHIBITS E & F** respectively.

Dawn Prosser moved to withdraw the reference for each of these adversaries. Thereafter, on May 7, 2008, the bankruptcy court on its own accord issued a memorandum opinion stating that as to the fraudulent transfer action brought by Trustee Springel it was a core action and that Dawn Prosser had no right to a jury trial because it's an action to recover estate property. [**EXHIBIT G**.] Dawn Prosser objects to this determination because all fraudulent transfer actions seek estate property and, thus, based on the bankruptcy court's reasoning there would never be a right to a jury trial in a fraudulent transfer action. As discussed below, this is clearly not the law.

While the bankruptcy court did not specifically reference the fraudulent transfer adversary brought by Trustee Carroll it is probable that this was an oversight. Since the fraudulent transfer complaints are nearly identical it is likely that the bankruptcy judge would have made the same determination as to the matter being a core proceeding and the right to a jury trial to Trustee Carroll's action. As for the turnover proceeding, the bankruptcy court determined that Dawn Prosser made a timely demand for a trial by jury but that she was not entitled to a jury trial because the action was one to collect property of the estate. While Dawn Prosser does not dispute that the bankruptcy court has jurisdiction over property of the estate whose ownership is not in dispute, where the issue of ownership is disputed two separate issues are raised. First, the threshold determination of who owns what is a legal determination giving rise to a right to a jury trial. Second, the bankruptcy court is divested of jurisdiction. Accordingly, as more fully discussed below, Dawn Prosser objects to this determination and submits that such a determination is for the District Court in the first instance.

On July 18, 2008, the District Court denied Dawn Prosser's motion to withdraw the reference with regard to Trustee Carroll's fraudulent transfer action. In the accompanying memorandum opinion the Court cited case law standing for the proposition that Dawn Prosser's motion to withdraw was not yet ripe and that it would be more efficient to have the bankruptcy court prepare the matter for trial. Accordingly, the District Court denied the motion to withdraw the reference without prejudice.

On August 21, 2008, the District Court entered an order denying Dawn Prosser's motion to withdraw the reference with regard to the fraudulent transfer action brought by Trustee Springel. The grounds for this denial were similar as to that for the denial in Trustee Carroll's case and the motion was likewise denied without prejudice.

As for the turnover proceeding, On August 21, 2008, the District Court denied Dawn Prosser's motion to withdraw the reference. On August 22, 2008, the District Court entered an Order affirming the bankruptcy court's determination that Dawn Prosser did not have a right to a trial by jury in the turnover proceeding. The basis for both denials was premised on the fact that the Court found the Motion to Withdraw the Reference, with respect to the Turnover action to be untimely filed pursuant to an unpublished local rule of bankruptcy, Rule 9015-1. The published Local Rules of Bankruptcy do not contain the same specified time requirement for filing motions to withdraw the reference. More importantly, unlike the unpublished rules, the published Local Rules of Bankruptcy do not deem a demand for a jury trial waived if not accompanied by a timely motion to withdraw the reference. As discussed in more detail below, such a provision conflicts with 11 U.S.C. § 157(e) which allows a party to consent to a jury trial in the bankruptcy division, which of course means that a consenting party would not have cause to file a motion to

withdraw the reference. Nonetheless, the unpublished local rule, Rule 9015-1(D), purports to eviscerate the right to a trial by jury in the absence of a motion to withdraw the reference.

Dawn Prosser now moves this honorable Court to withdraw its reference of the consolidated adversarial proceedings: 07-3010, 08-3003, 08-3004, and 08-3006. Pursuant to 28 U.S.C. §§ 157(d) and 1334, the District Court has jurisdiction to consider this Motion. The predicates for the relief requested herein are 28 U.S.C. §157(d) and Bankruptcy Rule 5011 as well as the Bankruptcy Reform Act of 1978 as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 and the Bankruptcy Reform Act of 1994, the United States Constitution and the common law of intrinsic rights reflected in the Constitution, and finally the provisions of the Organic Act of the United States Virgin Islands related to the Constitution of the United States.

Trial for the consolidated adversaries is set to commence the week of **November 17, 2008**, and continue the week of December 8, 2008 and the week of January 5, 2009.

## II. WITHDRAWAL OF THE REFERENCE OF THE FRAUDULENT TRANSFER ADVERSARY PROCEEDINGS: 08-3003 & 08-3006 IS REQUIRED BY THE THIRD CIRCUIT, THE BANKRUPTCY REFORM ACT AS AMENDED, AND IS CONSITUTIONALLY MANDATED

The Third Circuit requires the withdrawal of the District Court's automatic reference of the fraudulent transfer adversaries to the Bankruptcy Division because Dawn Prosser has timely demanded a trial by jury in both adversaries and she has not consented to the jurisdiction of the bankruptcy court over this proceeding. Since binding precedent of the Third Circuit Court of Appeals requires withdrawal it is not necessary to consider independent of that precedent the statutory and Constitutional basis for the withdrawal of the reference. If, however, for some

reason the Third Circuit was silent on the subject, the Bankruptcy Code and the Constitution would nevertheless mandate that the reference be withdrawn.

### A. DAWN PROSSER HAS A RIGHT TO A JURY TRIAL BECAUSE SHE IS BEING SUED BY THE TRUSTEES UNDER STATE LAW FOR FRAUDULENT TRANSFERS SEEKING MONEY DAMAGES

In addressing a demand for a jury trial in a fraudulent conveyance action the Third Circuit noted the Supreme Court's holding that under the Seventh Amendment a person has "a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer… notwithstanding Congress' designation of fraudulent conveyance actions as 'core proceedings' in 28 U.S.C. sec 157(b)(2)(H)." *Beard v. Braunstein*, 914 F.2d 434, 437 (3d Cir. 1990) (quoting *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33 (1989). Thus, a Defendant's right to a jury trial is not infringed no matter whether the action asserted is deemed a core or non-core matter under the Code. Moreover, "there is a constitutional presumption for a jury trial, which means that there also is a very heavy burden of proof on those desiring to overcome it." 9 Fed. Prac. & Proc. Civ.2d § 2302.2 p.5. To determine whether a Defendant is entitled to a jury trial in district court a three part analysis is employed. *Beard.* 914 F.2d at 437 (quoting *Granfinanciera*). The most important part of the analysis turns on whether the matter is an action at law or in equity. *Id*. <u>Where a plaintiff prays for "simply…the recovery and possession of specific real or personal property, or for the recovery of a money judgment, the action is one at law."</u> *Granfinanciera,* 492 U.S. at 157 (emphasis added). Because it is well established that a defendant is entitled to a jury trial where a fraudulent conveyance action is pursued seeking recovery of property and / or money damages, and here the Trustees have asserted multiple fraudulent conveyance counts under the Code and three separate states' tort laws against Dawn

Prosser seeking the recovery of property and money damages, it is submitted that Dawn Prosser is clearly entitled to a trial by jury.

The bankruptcy court did sua sponte issue an order denying Dawn Prosser's right to a jury trial with respect to Trustee Springel's fraudulent transfer action but in doing so adopted its reasoning with regard to the Palm Beach fraudulent conveyance action, another adversarial proceeding not a part of the adversaries consolidated herein. The bankruptcy court did not in its opinion consider the fact that three state law fraudulent conveyance actions seeking money damages were asserted in Springel's Complaint. Additionally, the bankruptcy's determination that the matter is core because property of the estate is alleged to be sought does not mesh with the reality that property of the estate is always alleged to be sought in fraudulent conveyance actions. The crucial distinction has been outlined as follows:

> We think that the inclusion of property recovered by the trustee pursuant to his avoidance powers in a separate definitional subparagraph clearly reflects the congressional intent that such property is not to be considered property of the estate until it is recovered. Until a judicial determination has been made that the property was, in fact, fraudulently transferred, it is not property of the estate. If it were, the trustee could simply use a turnover action under 11 U.S.C. § 542, and the two (2) year statute of limitations of § 546(a) for actions under §§ 544 and 548 could be avoided. Moreover, allowing the debtor to retain an interest, legal or equitable, in fraudulently transferred property conceivably places a cloud on the title of any property transferred by the debtor until there is a judicial determination that the transfer is not avoidable. This result was clearly not contemplated by Congress.

*In re Murray* 214 B.R. 271, 279 (Bkrtcy.D.Mass.,1997) (quoting *In re Sanders*, 101 B.R. 303, 304-305 (Bankr. N.D.Fla. 1989)).

In any event, the bankruptcy court's determination is not binding on this Court who must revisit the issue de novo.

### B. DAWN PROSSER IS ENTITLED TO A JURY TRIAL IN THE DISTRICT COURT

In *Beard v. Braunstein*, after the Third Circuit concluded that Braunstein was entitled to a jury trial, the court considered whether the bankruptcy division could hold the jury trial. Beard asserted that the bankruptcy court could hold a jury trial if the matter was a core proceeding. The Third Circuit did not reach Beard's contention that a bankruptcy court could hold a jury trial in a core proceeding because it concluded that at least a portion of Beard's claims were pre-petition claims and thus the proceeding was better characterized as non-core. *Id.* at 443-44. Under Federal Rule of Bankruptcy Procedure 7012(b) if an action is non-core then final orders and judgments shall not be entered by the bankruptcy judge absent express consent of the parties. Thus, the district court would have to review the findings of fact and conclusions of law before entering any final order or judgment. Faced with this issue the Third Circuit held that "[b]y the Seventh Amendment, any fact found by a jury cannot be reviewed de novo. Accordingly, a bankruptcy court cannot conduct a jury trial in a non-core proceeding." *Id*. at 443. (citing *In re United Missouri Bank,* 901 F.2d 1449, 1453 (8th Cir.1990); Gibson, *Jury Trials in Bankruptcy: Obeying the Commands of Article III and the Seventh Amendment,* 72 Minn.L.Rev. 967, 1046-47 (1988)).

Regarding its determination of whether a proceeding was core or non-core the Third Circuit noted that in *In re Castlerock Properties, Inc*., 781 F.2d 159, 159 (9th Cir. 1988), "the Court of Appeals for the Ninth Circuit observed that 'a court should avoid characterizing a proceeding as 'core' if to do so would raise constitutional problems.'" *Beard,* 914 F.2d at 443.

The court then based its decision on the difference between pre-petition and post-petition contracts and stated as follows:

> We conclude that this action, involving pre-petition contracts, allegedly breached both before and after the filing of the petition, is entirely a non-core matter related to a case arising under title 11. We are not presented with and thus do not decide whether a claim for the breach of a post-petition contract, or a claim only for the post-petition breach of a contract entered into pre-petition, are core matters.

*Id.* at 445. The court also noted that even if some core matters were mixed in with some non-core matters "it is difficult to understand why there would not be a single jury trial before a district judge." *Id*. at n.18. Thus, at least as to non-core proceedings it is binding precedent in the Third Circuit that non-core matters to which a defendant has asserted the right to a jury trial and does not consent to the bankruptcy court jurisdiction, must be tried in the District Court. For efficiency purposes, the Third Circuit indicates that where even only a part of a matter is non-core the whole matter ought to be tried in one jury trial.

In the present fraudulent conveyance adversarial actions the title of the Complaints clearly indicate that the actions are for both alleged pre-petition and alleged post-petition fraudulent conveyances. As such, the Third Circuit would require the non-core pre-petition claims to be tried by a jury before a district court judge. Accordingly, Dawn Prosser requests that this honorable Court withdraw its automatic reference of the consolidated adversaries from the bankruptcy division and schedule a jury trial on the same proceedings because Dawn Prosser is entitled to a jury trial in adversarial proceedings 08-3003 & 08-3006.

**C. EVEN IF THE ENTIRE ACTION WAS FOR POST-PETITION TRANSFERS THE FEDERAL BANKRUPTCY CODE AND THE CONSTITUTION WOULD STILL REQUIRE THAT THE REFERENCE BE WITHDRAWN**

Even if the entire cause of action asserted was for post-petition transfers, the absence of statutory authority in the Federal Bankruptcy Code authorizing bankruptcy courts to hold trials by jury <u>without consent</u> would preclude the bankruptcy court from conducting a jury trial. Six Federal Circuit Courts of Appeal have held that the Bankruptcy Code, as amended by the Bankruptcy Amendments and Federal Judgeship Acts of 1984, provides no Congressional statutory authority to bankruptcy judges or courts to conduct jury trials. *In re United Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449, 1457 (8th Cir. 1990); *In re Kaiser Steel Corp.*, 911 F.2d 380, 392 (10th Cir. 1990); *In re Clay*, 35 F.3d 190, 198 (5th Cir. 1994); *In re Stansbury poplar place, Inc.*, 13 F.3d 122, 128-29 (4th Cir. 1993), *In re Baker & Getty*, 954 F.2d 1169, 1173 (6th Cir. 1992); *Matter of Grabill*, 967 F.2d 1152, 1158 (7th Cir. 1992). While the Second Circuit had earlier concluded otherwise in *In re Ben Cooper, Inc.,* 896 F.2d 1394 (2nd Cir. 1990), the aforementioned circuit courts handedly rejected the notion that a bankruptcy court has statutory authority to conduct a jury trial.

Perhaps in response, Congress again amended the Bankruptcy Code in 1994 by the Bankruptcy Reform Act, but that amendment does not alter the outcome here. The 1994 Act amended 11 U.S.C. § 157 adding a subsection (e) which states as follows: "If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and <u>with the express consent of all the parties</u>." 28 U.S.C.A. § 157(e) (as enacted by Pub.L. 103-394 § 112) (emphasis added). In the instant case the bankruptcy court has not been specially designated to exercise jurisdiction over a jury trial and in any event even if it had been, Dawn Prosser does not consent. Accordingly, absent satisfaction of the specific

prerequisites of subsection (e) the bankruptcy court lacks statutory authority to entertain a jury trial.

Even were there a statutory right for a bankruptcy court to hold a trial by jury absent satisfaction of 11 U.S.C. § 157(e) the Constitution would nonetheless prohibit such a result. This is so because, as noted by the Third Circuit in *Beard,* courts "should avoid characterizing a proceeding as 'core' if to do so would raise constitutional problems." *Beard,* at 443 (quoting *In re Castlerock Properties, Inc.*, 781 F.2d at 159). Since characterizing a matter as core does not eviscerate an otherwise constitutional right to a jury trial, deeming the matters core would only raise constitutional problems, or rather constitutional rights, because of the bankruptcy court's Article I status. Thus, if there was statutory authority to hear jury trials in the bankruptcy court absent consent this Court ought to determine that because of the existence and assertion of the right to a jury trial and non-consent, post-petition transfers are not core actions.

Even if characterized as core matters, the Constitution, the Seventh Amendment thereto, and the common law rights which they reflect prohibit bankruptcy courts from entertaining jury trials because they are not constitutional courts but rather Article I courts. Bankruptcy courts simply lack the constitutional competence to entertain jury trials.

### D. THE REFERENCE OF THE CONSOLIDATED ADVERSARIES MUST BE WITHDRAWN

Dawn Prosser has a clear right to a jury trial in the fraudulent transfer adversaries. The adversaries are by their own representation, at least in part, actions are for prepetition transfers which the Third Circuit would characterize as non-core matters. Accordingly, the Third Circuit does not permit bankruptcy courts to entertain jury trials on non-core matters where, as here, the defendant has objected to the jurisdiction of the bankruptcy court and the entry of final orders.

Even if there was no binding precedent mandating that this matter be withdrawn, it would still need to be withdrawn because the bankruptcy court lacks statutory authority to conduct a jury trial absent satisfaction of § 157(e).  Section 157(e) merely reflects the fact that absent waiver, the Constitution would prohibit a jury trial by a bankruptcy court even if statutory authority otherwise existed.  As the fraudulent transfer adversaries share the same nucleus of facts and require most of the same witnesses and exhibits as does the turnover adversary and the 08-3004 fraudulent transfer action they were consolidated by the bankruptcy division.  Accordingly, the reference for all the consolidated matters ought to be withdrawn as it would be inefficient to hold two separate trials.

### III. THE REFERENCE OUGHT TO BE WITHDRAWN WITH REGARD TO THE TURNOVER PROCEEDING BECAUSE DAWN PROSSER IS ENTITLED TO A TRIAL BY JURY AND THE BANKRUPTCY COURT LACKS SUBJECT MATTER JURISDICTION TO DETERMINE PROPERTY OWNERSHIP UNDER STATE LAW

Although the consolidated adversarial proceedings must be withdrawn based on Dawn Prosser's right to a jury trial in the fraudulent transfer actions, Dawn also seeks reconsideration of the Court's prior determination with regard to Dawn Prosser's right to a jury trial in the turnover adversary.  Dawn seeks this ruling now because the Court has the inherent authority to vacate its previous orders and to withdraw the reference of a bankruptcy matter for any reason and at anytime.  Owing to the Court's prior rulings that motions to withdraw the reference should not be granted until the matter is ready for trial, now that the matter is ready for trial it is appropriate to assert the basis for a motion to withdraw the reference.

## A. RECONSIDERATION OF DENIAL OF RIGHT TO JURY TRIAL IN TURNOVER PROCEEDING IS WARRANTED

As stated above, the District Court has previously affirmed a denial of Dawn Prosser's right to a trial by jury based on the unpublished local bankruptcy rule, Rule 9015-1. Dawn Prosser begs the Court's reconsideration of this denial. Dawn Prosser seeks reconsideration of the Court's previous determination by way of this motion as reconsideration is not generally appropriate following an affirmance or denial of a lower court's ruling. Additionally, this Court denied Dawn Prosser's previous request to withdraw the reference based on the same unpublished local rule of bankruptcy, Rule 9015-1. Given the Court's determination that the fraudulent transfer motions to withdraw the reference were not ripe and were therefore premature, reconsideration would have been futile because the motion to withdraw the reference of the turnover adversary would have been denied as premature for the same reasons the fraudulent transfer motions were denied even if the Court deemed the turnover motion to withdraw the reference as timely filed. Accordingly, now is the appropriate time to seek reconsideration.

The basis for the requested reconsideration of the Court's prior determination that the motion to withdraw the turnover adversary was untimely is that the local rule relied upon is unpublished. What's more, the local rule conflicts with the local rules of bankruptcy that are published. Rule 9015-1 was promulgated as a part of a comprehensive change in the rules on September 6, 2006. Despite the promulgation of these rules the 2007 and 2008 editions of the "Virgin Islands Court Rules Annotated" do not contain these rules but rather a different set of rules identified as the "Local Rules of the United States Bankruptcy Court for the District of the Virgin Islands." Both sets of rules are comprehensive and distinct. An online search for the local rules on the Lexis

website results in the same set of rules published in the local rule book, not the unpublished rule relied on by the Court in its denial of Dawn Prosser's right to a trial by jury.

The undersigned counsel consulted the published rules of the Court which do not contain any specific deadline for filing motions to withdraw the reference. Presuming that the standard that such motions be timely filed applied, Dawn Prosser's counsel researched what constituted a timely filed motion and concluded that the great weight of the case law would permit the filing of a motion to withdraw the reference within 60 days of asserting the right to a trial by jury. Dawn Prosser filed her motion forty-five days after her assertion of the right to a trial by jury. When faced with an untimely motion to withdraw at least one district court has held that discretion still remains with the district court to withdraw the reference because the district Court has original or primary jurisdiction over bankruptcy matters. *In re Mid America Entertainment Plus, Inc.,* 135 B.R. 419, 421 (D. Kan. 1991). Accordingly, Dawn Prosser begs this Court for relief from this non-binding procedural bar and submits that the Trustees could not have been harmed by the fact that her motion was filed 15 days after the bar date.

Dawn Prosser also submits that reconsideration is warranted because Rule 9015-1 is particularly harsh, and in Dawn Prosser's opinion, at least with respect to subsection (D), unconstitutional. Under the Federal Rules of Bankruptcy, the failure to file a timely motion to withdraw the reference would not result in the denial of a litigant's otherwise timely assertion of the right to a trial by jury. Here, the Bankruptcy Division has already ruled that Dawn Prosser timely asserted her demand for a trial by jury. Accordingly, it is nonsensical that her right to a trial by a jury be denied where she fails to file a motion to withdraw the reference. It should be appreciated that Dawn Prosser is not required by the United States Code to file a motion to withdraw the reference in order to have a jury trial. This is so because Dawn Prosser can consent

to a trial by jury in the bankruptcy division pursuant to 11 U.S.C. § 157(e). Local Rule 9015-1(D), however, makes consent to a trial by jury in the bankruptcy division an impossibility. Therefore, since the rule conflicts with the Federal Rules of Bankruptcy and the United States Code it ought to be deemed inoperative and at most Dawn Prosser should be permitted a trial by jury, even if held by the bankruptcy division.

### B. DAWN PROSSER IS ENTITLED TO A JURY TRIAL IN THE TURNOVER ADVERSARY WHERE THE THRESHOLD QUESTION OF OWNERSHIP MUST BE DETERMINED

Dawn Prosser is entitled to a jury trial because the constitutional right to a jury trial extends even to equitable actions where the threshold question of property ownership presents its-self for determination. Where it appears that the real question in controversy involves ownership of property a right to a jury trial exists. In *Gordon v. Munn*, 83 Kan 242, 111 P. 177, 179 (1910) the Supreme Court of Kansas stated that "In an action of partition, where, as in this case, the issues disclose the real controversy to be as to the title and possession of the real estate in controversy, that question must be tried to a jury if either party so desire." *See also Gifford v. Courson,* 224 Ga. 840,842, 165 S.E.2d 133 (1968) (stating that question of what the interest of the petitioners is in the property is a jury question). "The reasons for this are familiar to every lawyer. In equity neither party is of right entitled to a jury, but the constitution preserves inviolate the right of trial by jury as it exists at the common law, and an action for recovery of real estate is one in which at common law parties are entitled to a trial by jury." *Chandler v. Richardson*, 65 Kan. 152, 69 P. 168 (1902) (quoting *Bodwell v. Crawford,* 26 Kan. 292 (1881); *see also Ex parte Kurtts*, 706 So. 2d 1184, 1184 (1997); *Yturria v. Kimbro,* 921 S.W. 2d 338, 342 (Tex-App. 1996).

Even in the bankruptcy context, the right to a jury trial, as protected inviolate by the Seventh Amendment, has been stoutly upheld. In *Granfinanciera S.A. v. Nordberg*, the Supreme Court stated that where a plaintiff prays for "simply…the recovery and possession of specific real or personal property, or for the recovery of a money judgment, the action is one at law." 492 U.S. 33, 47 n.5 (1989) "The right which in this case the plaintiff wishes to assert is his title to certain real property; the remedy which he wishes to obtain is its possession and enjoyment; and in a contest over the title both parties have a constitutional right to call for a jury." *Id.* (citing *Whitehead v. Shattuck,* 138 U.S. 146, 151, 11 S.Ct., 276, 277(1891); *Pernell v. Southall Realty,* 416 U.S. 363, 370-374, 94 S.Ct. 1723, 1727-1729, 40 L.Ed.2d 198 (1974)).

In this action there is no doubt a dispute between three separate parties as to their ownership interest in a wide array of property. A determination as to the ownership rights in the property is required because if Dawn Prosser is determined to have a one hundred percent ownership interest in any piece of property then that property is clearly not subject to a turnover order. On the other hand, if for example the ICC Estate established a one hundred percent ownership interest in any piece of property then it is entitled to turnover of that property to the exclusion of Dawn and Trustee Carroll. Of course any jointly owned property would create further complications not necessary to address in this brief. The end result is simply that a determination of the ownership of the personal property in dispute must clearly be made before a turnover order may issue. If title was not disputed and property was simply held by a creditor as security, as is often the case in bankruptcy matters, then naturally no right to a jury trial would exist. Here ownership is point blank in dispute and bothe the bankruptcy court and the chapter 11 Trustee have recognized this fact. Neither Trustee has moved to strike Dawn Prosser's demand for a jury trial. Moreover, "there is a constitutional presumption for a jury trial, which

means that there also is a very heavy burden of proof on those desiring to overcome it." 9 Fed. Prac. & Proc. Civ.2d § 2302.2 p.5. Accordingly, for all these reasons, Dawn Prosser is entitled to a jury trial.

### C. DAWN PROSSER IS ENTITLED TO A JURY TRIAL IN DISTRICT COURT

For the same reasons articulated above with regard to the fraudulent transfer adversaries, Dawn Prosser is entitled to a jury trial in the District Court and the threshold determination of ownership should be deemed non-core. Even if deemed a core proceeding under the Code, as discussed above, the United States Code in 28 U.S.C. § 157(e) would not allow the jury trial to proceed in the bankruptcy division absent consent. it is black letter law that an act of Congress cannot trump a Constitutional right and here Dawn Prosser has a Constitutional right to a trial by jury.

### IV. REFERENCE OF CONSOLIDATED ADVERSARIES SHOULD BE WITHDRAWN

As it is clear that a right to a trial by jury exists with regard to the fraudulent conveyance adversaries 08-3003 and 08-3006 the reference for the four consolidated adversaries should be withdrawn. Even if not consolidated there is an independent basis for a jury trial with regard to the turnover adversary 07-3010.

                                                Respectfully submitted,

                                                **LAW OFFICES OF KARIN A. BENTZ, P.C**

Dated: November 3, 2008          /s/ Christopher Allen Kroblin
                                                  Karin A. Bentz, Esq.
                                                  Christopher Allen Kroblin, Esq.
                                                  18 Dronningens Gade, Suite 8
                                                  St. Thomas, Virgin Islands 00802
                                                  Telephone: 340-774-2669
                                                  Telecopier: 340-774-2665
                                                  E-mail: legalstaff@virginlaw.com

## **Certificate of Service**

I hereby certify that on <u>November 3, 2008</u>, I caused the filing and service of the foregoing with the Clerk of the Bankruptcy Division of the District Court of the Virgin Islands using the CM/ECF system, which will provide electronic notice by e-mail to the following attorneys of record in this matter:

Daniel C. Stewart
dstewart@velaw.com

| | |
|---|---|
| Andrew Kamensky<br>akamensly@hunton.com | Leigh Goldman<br>lgolgman@goldmanlaw-vi.com |
| Daniel C. Stewart<br>dstewart@velaw.com | |
| James Jay Lee<br>jimlee@velaw.com | Bernard C. Pattie<br>boinie@compsurve.com |
| Micheala Christine Crocker<br>mcrocker@velaw.com | Jeffrey K. Cymbler<br>jcymbler@gazesllc.com |

Robert F. Craig
robert@craiglaw.org

Fred Stevens
fstevens@foxrothschild.com

Yann Geron
ygeron@foxrothschild.com

                                                /s/ Chris Kroblin              .